UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

HISTORICAL EASTERN PEQUOT TRIBE,  :
    Plaintiff,  :
    :
V.  :    1:23-CV-00054
    :
OFFICE OF FEDERAL ACKNOWLEDGMENT, :
BUREAU OF INDIAN AFFAIRS,  :
    :
    Defendant  :    JANUARY 9, 2022

## **COMPLAINT**

1. This is an action brought by a native American tribe long-recognized under Connecticut law, whose continuing existence dates back to colonial times, and that has sought federal recognition by the Bureau of Indian Affairs. Recognition has been granted and then denied in an arbitrary and capricious manner, thus denying the tribe the benefits of federal recognition, denying tribe members equal protection of the law, and denying tribe members just compensation for land unlawfully sold and transferred to non-tribe members.

2. Jurisdiction of this Court is invoked under 28 U.S.C. Section 2401(a) and the Administrative Procedures Act Title 5 U.S.C. Sections 551, et. seq.

3. The Historical Eastern Pequot Tribe, hereinafter "the tribe," is an historical Indian tribe that has existed in Eastern Connecticut for centuries, and is the descendant of a historical Indian tribe within the meaning of 25 Code of Federal Regulation Section 83.7 (2005). It is explicitly recognized under Connecticut law as one of five indigenous Connecticut Indian tribes. Connecticut General Statutes Section 47-59a(b). The Connecticut colony first established a reservation for the tribe in 1683.

4.   The Office of Federal Acknowledgement, Bureau of Indian Affairs, hereinafter "the agency," is the federal agency authorized to confer federal recognition on an Indian Tribe.

5.   The tribe has had a continuing relationship with the colonial Connecticut and the State of Connecticut for more than 350 years, receiving from time to time benefits and services incident to its tribal status. Despite this relationship, lands granted to the tribe have been sold to non-tribal members, including sales after the date enactment of the Indian and Trade Intercourse Act of 1790. This act requires federal approval of the transfer of title to Indian land in the United States as part of Congress' treaty-making power.

6.   The tribe has been engaged in efforts to obtain recognition by the agency for almost 25 years. One faction of the tribe, the Eastern Pequot Tribes of Connecticut, submitting a letter of intent to petition for federal acknowledgement on June 28, 1978. Another faction, the Paucatuck Eastern Pequot Tribes of Connecticut, submitted a separate letter of intent to petition for recognition in 1989. The agency consolidated treatment of the two petitions in 1998.

7.   The notices indicated historical ties to the Lantern Hill reservation in Eastern Connecticut since the 19th century. The entities that sought recognition were known as the Eastern Pequot Indians of Connecticut and the Paucatuck Eastern Pequot Indians of Connecticut, both consisting of members of the tribe bringing this action.

8.   On March 31, 2000, the Assistant Secretary – Indian Affairs of the agency gave notice of intent to recognize the tribe as "an Indian Tribe within the meaning of the law."

Federal Register, Vol. 65, No. 63. The agency promulgated a final determination of acknowledgement on July 1, 2002. Federal Register, Vol. 67, No. 126.

9. Thereafter, the State of Connecticut and local municipalities petitioned as intervenors for reconsideration, contending that the tribe did not satisfy the requirements for tribal recognition. Upon information and belief, the intervenors sought to deprive the tribe of recognition due to their frustration and outrage over the face that another tribe, the Mashantucket Pequot Tribe, obtained tribal recognition without Bureau of Indian Affairs approval and over Bureau of Indian Affairs objection by way of an Act of Congress in 1983. That Act recognized land claims that exceeded the bounds of an historic tribe; indeed, there was no historical tribal membership to recognize at the time the act was passed. The Mashantucket have gone on to develop and operate one of the world's most profitable casinos.

10. On October 14, 2005, the Associate Deputy Secretary of the Agency issued a reconsidered final determination of the tribe's status, concluding that the tribe did not satisfy all of the criteria for acknowledgement as an Indian tribe in 25 CFR 83.7. Federal Register, Vol. 70, No. 198.

11. Thereafter, the tribe sought review of the final agency determination. That request was docketed by the agency's Office of Hearings and Appeals on January 13, 2006, and assigned Docket No. IBIA-06-30-A.

12. In 2013, the agency revised its regulations for federal recognition on American Indian tribes, publicizing final rules on July 1, 2016, at Fed. Reg. 37862. These new regulations eliminated reconsideration of final determinations of tribal status.

13.     The tribe filed a petition for federal recognition with the agency on May 4, 2016. The tribe asserted in its petition that it was a "previously federally acknowledged petitioner."

14.     On January 12, 2017, an administrative law judge dismissed the appeal and request for a hearing on two grounds: First, the tribe was a "previously denied petitioner," apparently depriving it of standing to pursue a claim under 25 C.F.R Section 83.4(d), and second, the tribe had not received a "negative proposed finding," apparently depriving its claims of ripeness under 25 C.F.R. 83.38. The hearing officer conceded, however, the possibility of a factual basis for review under Part 83.

15.     On January 12, 2017, the aforesaid Administrative Law Judge, Andrew S. Pearlstein, issued a "Recommended Decision" that the agency deny the tribe's Notice of Appeal and that the Request for a Hearing be dismissed. Almost six years has transpired without final agency determination. The tribe brings this action to compel a decision and review.

16.     The agency does not reflect final action on the tribe's petition for acknowledgement on the web page it maintains listing status of petitions. See, bia.gov/as-ia/ofa/petitions-resolved/dened (last visited January 8, 2023). Neither does the agency list the claim as pending.

17.     The plaintiff contends that it is futile to wait for a final decision given the passage of time and the apparent fact that the agency does not appear to list the matter as pending review on its public website. The tribe brings this action on the cusp of the expiration of the six-year statute of limitations for bringing an action against the United States.

WHEREFORE, the petitioner seeks relief as follows:

A. Injunctive relief requiring the agency to issue a final determination of the Recommended Decision of the Administrative Law Judge on January 12, 2017;

B. Review of any decision deemed final as relying upon an arbitrary and capricious reading of the record before the agency;

C. An order directing the Bureau of Indian Affairs to acknowledge that the Historical Eastern Pequot Tribe as an American Indian tribe;

D. Such other relief as this Court deems fair and equitable.

THE PLAINTIFF,

By /s/ Norman A. Pattis
NORMAN A. PATTIS
Ct13120
Pattis & Smith, LLC
383 Orange St.,
New Haven, CT 06511
203.393.3017
203.393.9745 (fax)
npattis@pattislaw.com

By /s/ Denise Ansell Laben
DENISE ANSELL LABEN
993241
Ansell Laben Law Offices, LLC
94 Broad St.
New London, CT 06320
860.437.1187
860.437.0811 (fax)

As noted elsewhere on this web site, OFA's current mailing address is 1849 C Street, NW, Washington, DC 20240. Because OFA moved to a new building in the autumn of 2017, the acknowledgment regulations in § 83.20 reflect OFA's old address on 1951 Constitution Avenue. Please submit documented petitions to:

Department of the Interior
Office of the Assistant Secretary—Indian Affairs
Attention: Office of Federal Acknowledgement
1849 C Street, NW
Washington, DC 20240